IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:22-CR-487-E |
| v. | |
| JEREMIAH DWYEN ASHLEY | |

## FACTUAL RESUME

In support of Jeremiah Dwyen Ashley's plea of guilty to the offense in Count Two of the indictment, Ashley, the defendant, Paul Lund, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the indictment, charging a violation of 26 U.S.C. §§ 5841 and 5861(d), that is, possession of an unregistered firearm, the government must prove each of the following elements beyond a reasonable doubt:

*First.*  That the defendant knowingly possessed a firearm as charged in the indictment;

*Second.*  That the firearm was a machinegun as defined in 26 U.S.C. § 5845(b);

*Third.*  That the defendant knew of the characteristics of the firearm that made it a machinegun;

*Fourth.*  That the firearm was or could readily have been put in operating condition; and

*Fifth.*  That the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter

whether the defendant knew that the firearm was not registered or had to be registered.[1]

## STIPULATED FACTS

1. Jeremiah Dwyen Ashley admits and agrees that, on or about June 14, 2022, in the Dallas Division of the Northern District of Texas, he knowingly possessed a firearm, to wit: thirty (30) machineguns, as defined in 26 U.S.C. § 5845(a)(6) and (b), each further described as a Glock conversion device, which were not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5841 and 5861(d), the penalty for which is found at 26 U.S.C. § 5871.

2. On June 10, 2022, law enforcement intercepted three packages addressed to Ashley's brother. Law enforcement searched the packages and found thirty (30) Glock conversion devices inside. A Glock conversion device is a firearm part designed and intended solely and exclusively for use in converting a weapon into a machinegun. Consequently, a Glock conversion device is a machinegun as defined in 26 U.S.C. § 5845(b).

3. On June 14, an undercover law enforcement agent delivered the packages to their intended destination—an apartment in Dallas. Ashley accepted the packages and carried them into the apartment. A short while later, law enforcement executed a search warrant for the apartment and found the three packages inside.

4. In a post-arrest interview at the apartment, Ashley identified himself. He then explained that the packages were intended for him, that he knew the packages

---

[1] Fifth Circuit Pattern Jury Instructions (Criminal) § 2.102 (2019).

contained Glock conversion devices, and that he knew what Glock conversion devices are used for. Ashley also said that he had sold Glock conversion devices in the past.

5. When Ashley accepted the packages, no firearm was registered to him in the National Firearms Registration and Transfer Record. None of the Glock conversion devices were registered either.

6. Ashley further admits and agrees that the relevant conduct described below in Paragraphs 7 through 9, although not part of the offense of conviction, is true and relevant for sentencing purposes and will be used in computing his advisory guideline range.

7. On May 24, 2022, an undercover law enforcement officer contacted an Instagram account to buy three Glock conversion devices that the account had advertised. Someone operating the account agreed to sell the officer the three devices at a gas station later that day.

8. When the undercover officer arrived at the gas station, Ashley greeted him and handed him three Glock conversion devices. The undercover officer asked Ashley how the devices worked. Ashley responded by showing the officer a video on his cell phone depicting him installing a Glock conversion device on a pistol. The officer gave Ashley $1,200 for the three devices, and the two parted ways.

9. At the time of the exchange, no firearm was registered to Ashley in the National Firearms Registration and Transfer Record. None of the Glock conversion devices were registered either.

10. The defendant agrees that the defendant committed all the essential elements of the offenses. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the indictment.

AGREED TO AND STIPULATED on this 5th day of APRIL, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
JEREMIAH DWYEN ASHLEY
Defendant

_____
PAUL LUND
Attorney for Defendant

_____
BLAKE J. ELLISON
Assistant United States Attorney
Texas State Bar No. 24117203
1100 Commerce Street, Third Floor
Dallas, TX 75242-1699
Phone: 214-659-8734
Fax: 214-659-8805
Email: blake.ellison@usdoj.gov